Matthew Topic, IL Bar No. 6290922
*matt@loevy.com*
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
*Pro Hac Vice Motion Forthcoming*

Nabiha Syed, NY Bar No. 5058672
*nabiha.syed@buzzfeed.com*
BUZZFEED INC.
111 East 18th Street, 13th Floor
New York, NY 10003
Tel.: (646) 660-9617
Fax: (212) 431-7461
*Pro Hac Vice Motion Forthcoming*

Rachel Steinback, SBN 310700
*steinbacklaw@gmail.com*
LAW OFFICE OF RACHEL STEINBACK
P.O. Box 291253
Los Angeles, CA 90029
Tel.: (213) 537-5370
Fax: (213) 232-4003

Attorneys for Plaintiffs JASON LEOPOLD and BUZZFEED INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON LEOPOLD and BUZZFEED INC., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF JUSTICE OFFICE OF THE DEPUTY ATTORNEY GENERAL, DEPARTMENT OF JUSTICE OFFICE OF LEGAL COUNSEL, FEDERAL BUREAU OF | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT, 5 USC § 552** |

- 1 -
COMPLAINT

INVESTIGATION, DEPARTMENT OF JUSTICE CIVIL DIVISION, DEPARTMENT OF JUSTICE NATIONAL SECURITY DIVISION, CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF HOMELAND SECURITY, NATIONAL SECURITY AGENCY, and OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,

Defendants.

**INTRODUCTION**

1. Plaintiffs JASON LEOPOLD and BUZZFEED INC. file this Freedom of Information Act suit under 5 U.S.C. § 552 to force Defendants DEPARTMENT OF JUSTICE OFFICE OF THE ATTORNEY GENERAL ("OAG"), DEPARTMENT OF JUSTICE OFFICE OF THE DEPUTY ATTORNEY GENERAL ("DAG"), DEPARTMENT OF JUSTICE OFFICE OF LEGAL COUNSEL ("OLC"), FEDERAL BUREAU OF INVESTIGATION ("FBI"), DEPARTMENT OF JUSTICE CIVIL DIVISION ("DOJ-CIVIL"), DEPARTMENT OF JUSTICE NATIONAL SECURITY DIVISION ("NSD"), CENTRAL INTELLIGENCE AGENCY ("CIA"), DEPARTMENT OF HOMELAND SECURITY ("DHS"), NATIONAL SECURITY AGENCY ("NSA"), and OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE ("ODNI") to produce records mentioning or referring to statements by President Donald Trump that his offices were wire-tapped by the Obama administration and other claims the President has made on Twitter.

**PARTIES**

2. Plaintiff JASON LEOPOLD is a journalist who lives in Beverley Hills, CA, and works in Los Angeles, CA. LEOPOLD submitted the FOIA requests at issue in this case.

3. Plaintiff BUZZFEED INC. is a media organization with its principal place of business in New York, NY, and offices in Los Angeles, CA, and elsewhere. BUZZFEED shares a legal interest in the request and in any responsive records that are produced.

4. Defendant OAG is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

5. Defendant DAG is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

6. Defendant OLC is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

7. Defendant FBI is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

8. Defendant DOJ-CIVIL is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

9. Defendant NSD is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

10. Defendant CIA is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

11. Defendant DHS is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

12. Defendant NSA is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

13. Defendant ODNI is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

**JURISDICTION AND VENUE**

14. This case is brought under 5 U.S.C. § 552(a)(6)(c)(i) and presents a federal question conferring jurisdiction on this Court.

15. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff LEOPOLD resides in this District.

## DOJ DEFENDANTS' FOIA VIOLATIONS

16. On March 6, 2017, LEOPOLD requested under FOIA the following records from Defendants OAG, DAG, OLC, FBI, DOJ-CIVIL, and NSD:

1) Any and all records, which includes but is not limited to emails, memos, letters, text messages, instant messages, among all Department of Justice Components addressed here staff, including senior officials in the Office of Attorney General and Deputy Attorney General, that mentions or refers to President Donald Trump's use of Twitter and his tweets and constitutes discussions about his tweets. The timeframe for this request is November 8, 2016 through the date the search for responsive records is conducted.

2) Any and all records, which includes but is not limited to emails, memos, text messages, instant messages, among all Department of Justice Components addressed here, including senior officials in the Office of Attorney General and Deputy Attorney General, that mentions or refers to and constitutes discussions about President Donald Trump's March 4, 2017 tweet that said, 'Terrible! Just found out that Obama had my 'wires tapped' in Trump Tower just before the victory. Nothing found. This is McCarthyism!'"

3) Any and all records, which includes but is not limited to emails, memos, letters, text messages, among all Department of Justice Components addressed here, including senior officials in the Office of Attorney General and Deputy Attorney General, that mentions or refers to and constitutes discussions about President Donald Trump's March 4, 2016 tweet that said, "Is it legal for a sitting President to be

'wire tapping' a race for president prior to the election? Turned down by court earlier. A NEW LOW!"

17. A true and correct copy of the March 6, 2017 FOIA request is attached as Exhibit A.

18. **OAG and DAG:** On April 14, 2017, OAG and DAG acknowledged receipt of the request. A true and correct copy of the April 14, 2017 letter is attached as Exhibit B.

19. In violation of the deadlines set forth in the FOIA statute, OAG and DAG have not provided any records or substantive response to the request.

20. **OLC:** On April 3, 2017, Defendant OLC acknowledged receipt of the request. A true and correct copy of the April 3, 2017 letter is attached as Exhibit C.

21. In violation of the deadlines set forth in the FOIA statute, OLC has not provided any records or substantive response to the request.

22. **FBI:** On March 30, 2017, Defendant FBI responded to the request by alleging that the records were not "reasonably described" and claiming that the request is "overly broad in scope and seeks information in vague and undefined terms." A true and correct copy of FBI's March 30, 2017 response is attached as Exhibit D.

23. On April 7, 2017, LEOPOLD appealed Defendant FBI's denial.

24. On April 7, 2017, the U.S. Department of Justice Office of Information Policy acknowledged the appeal. In violation of the statutory deadline to respond to appeals, OIP has not yet issued a determination on the appeal. A true and correct copy of OIP's April 7, 2017 acknowledgement is attached as Exhibit E.

25. **DOJ-CIVIL:** Defendant DOJ-CIVIL failed to provide a response to the request by the statutory deadline.

26. On April 26, 2017, well after the statutory deadline, Defendant DOJ-CIVIL inquired with LEOPOLD about narrowing his request because it "determined that we may have hundreds of emails and records which may be

responsive." A true and correct copy of DOJ-CIVIL's response is attached as Exhibit F.

27. LEOPOLD is not required to narrow the scope of the request and declines to do so.

28. DOJ-CIVIL has neither produced any records nor provided a proper response to the request.

29. **NSD:** On March 15, 2017, in response to a telephone conversation with NSD, LEOPOLD agreed to narrow the number of files to be searched and NSD agreed to search its Assistant Attorney General and Deputy Assistant Attorney General's files for possible responsive records. A true and correct copy of the March 15, 2017 letter from NSD documenting this conversation is attached as Exhibit G.

30. Two days after agreeing to search a limited number of files, NSD declared that the search for records responsive to the second and third portions of LEOPOLD's request may "reveal information properly classified under Executive Order 13526. To confirm or deny the existence of such materials in each case would tend to reveal properly classified information regarding whether particular surveillance techniques have or have not been used by the U.S. Intelligence Community. Accordingly, we can neither confirm nor deny the existence of records in these files responsive to your request pursuant to 5 U.S.C. 552(b)(1)." A true and correct copy of the March 17, 2017 response from NSD is attached as Exhibit H.

31. Upon receipt of NSD's March 17, 2017 response, LEOPOLD withdrew the narrowing of his request and requested that it be processed as originally submitted.

32. On March 17, 2017, LEOPOLD appealed Defendant NSD's response. In violation of the statutory deadlines, OIP has not yet ruled to the appeal.

33. On May 2, 2017, NSD proposed a narrowed scope of the request.

34. LEOPOLD is not required to narrow the scope of the request and declines to do so.

**DEFENDANT CIA'S FOIA VIOLATION**

35. On March 6, 2017, LEOPOLD submitted a request to CIA for the same scope of records that were requested from the Department of Justice agencies. A true and correct copy of his March 6, 2017 request to the CIA is attached as Exhibit I.

36. On March 15, 2017, Defendant CIA acknowledged receipt of the request. A true and correct copy of the March 15, 2017 letter from the CIA is attached as Exhibit J.

37. In violation of the deadlines set forth in the FOIA statute, CIA has not provided any records or any substantive response.

**DEFENDANT DHS'S FOIA VIOLATION**

38. On March 6, 2017, LEOPOLD submitted a request to DHS for the same scope of records that were requested from the Department of Justice agencies. A true and correct copy of his March 6, 2017 request to the DHS is attached as Exhibit K.

39. On March 15, 2017, Defendant DHS alleged that his request was "too broad in scope or did not specifically identify the records which you are seeking." DHS requested that he resubmit the request containing a "reasonable description" of the sought records. A true and correct copy of the March 15, 2017 letter from DHS is attached as Exhibit L.

40. On March 30, 2017, LEOPOLD appealed Defendant DHS's denial. In violation of the statutory deadlines, OIP has not yet ruled on the appeal.

**DEFENDANT NSA'S FOIA VIOLATION**

41. On March 6, 2017, LEOPOLD submitted a request to NSA for the same scope of records that were requested from the Department of Justice agencies.

A true and correct copy of his March 6, 2017 request to NSA is attached as Exhibit M.

42. On March 7, 2017, Defendant NSA acknowledged receipt of the request and assigned it a reference number. A true and correct copy of the March 7, 2017 response from NSA is attached as Exhibit N.

43. In violation of the deadlines set forth in the FOIA statute, NSA has not provided any records or any further response.

### DEFENDANT ODNI'S FOIA VIOLATION

44. On March 6, 2017, LEOPOLD submitted a request to ODNI for the same scope of records that were requested from the Department of Justice agencies. A true and correct copy of his March 6, 2017 request to ODNI is attached as Exhibit O.

45. On April 4, 2017, Defendant ODNI acknowledged receipt of the request and assigned it a reference number. A true and correct copy of the April 4, 2017 response is attached as Exhibit P.

46. In violation of the deadlines set forth in the FOIA statute, ODNI has not provided any records or any further response.

### COUNT I – OAG'S VIOLATION OF FOIA

47. The above paragraphs are incorporated herein.
48. Defendant OAG is an agency subject to FOIA.
49. LEOPOLD made a valid FOIA request to OAG.
50. BUZZFEED also has a legal interest in the request.
51. OAG has improperly denied the request.

### COUNT II – DAG'S VIOLATION OF FOIA

52. The above paragraphs are incorporated herein.
53. Defendant DAG is an agency subject to FOIA.
54. LEOPOLD made a valid FOIA request to DAG.
55. BUZZFEED also has a legal interest in the request.

56. DAG has improperly denied the request.

### COUNT III – OLC'S VIOLATION OF FOIA

57. The above paragraphs are incorporated herein.
58. Defendant OLC is an agency subject to FOIA.
59. LEOPOLD made a valid FOIA request to OLC.
60. BUZZFEED also has a legal interest in the request.
61. OLC has improperly denied the request.

### COUNT IV – FBI'S VIOLATION OF FOIA

62. The above paragraphs are incorporated herein.
63. Defendant FBI is an agency subject to FOIA.
64. LEOPOLD made a valid FOIA request to FBI.
65. BUZZFEED also has a legal interest in the request.
66. FBI has improperly denied the request.

### COUNT V – DOJ-CIVIL'S VIOLATION OF FOIA

67. The above paragraphs are incorporated herein.
68. Defendant DOJ-CIVIL is an agency subject to FOIA.
69. LEOPOLD made a valid FOIA request to DOJ-CIVIL.
70. BUZZFEED also has a legal interest in the request.
71. DOJ-CIVIL has improperly denied the request.

### COUNT VI – NSD'S VIOLATION OF FOIA

72. The above paragraphs are incorporated herein.
73. Defendant NSD is an agency subject to FOIA.
74. LEOPOLD made a valid FOIA request to NSD.
75. BUZZFEED also has a legal interest in the request.
76. NSD has improperly denied the request.

### COUNT VII – CIA'S VIOLATION OF FOIA

77. The above paragraphs are incorporated herein.
78. Defendant CIA is an agency subject to FOIA.

79. LEOPOLD made a valid FOIA request to CIA.

80. BUZZFEED also has a legal interest in the request.

81. CIA has improperly denied the request.

### COUNT VIII – DHS'S VIOLATION OF FOIA

82. The above paragraphs are incorporated herein.

83. Defendant DHS is an agency subject to FOIA.

84. LEOPOLD made a valid FOIA request to DHS.

85. BUZZFEED also has a legal interest in the request.

86. DHS has improperly denied the request.

### COUNT IX – NSA'S VIOLATION OF FOIA

87. The above paragraphs are incorporated herein.

88. Defendant NSA is an agency subject to FOIA.

89. LEOPOLD made a valid FOIA request to NSA.

90. BUZZFEED also has a legal interest in the request.

91. NSA has improperly denied the request..

### COUNT X – ODNI'S VIOLATION OF FOIA

92. The above paragraphs are incorporated herein.

93. Defendant ODNI is an agency subject to FOIA.

94. LEOPOLD made a valid FOIA request to ODNI.

95. BUZZFEED also has a legal interest in the request.

96. ODNI has improperly denied the request.

**WHEREFORE,** Plaintiffs ask the Court to:

   i. Order Defendants to conduct an adequate search for records and produce all responsive non-exempt records;

   ii. Award Plaintiffs attorney fees and costs; and

   iii. Enter any other relief the Court deems appropriate.

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED, |
| 2 | LAW OFFICE OF RACHEL STEINBACK |
| 3 | <u>/s/ Rachel Steinback</u> |
| 4 | Attorneys for Plaintiffs |

Matthew Topic, Illinois Bar No. 6290922
*(E-Mail: matt@loevy.com)*
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
*Pro Hac Vice Motion Forthcoming*

Nabiha Syed, NY Bar No. 5058672
*(E-Mail: nabiha.syed@buzzfeed.com)*
BUZZFEED INC.
111 East 18th Street, 13th Floor
New York, NY 10003
Tel.: (646) 660-9617
Fax: (212) 431-7461
*Pro Hac Vice Motion Forthcoming*

Rachel Steinback, SBN 310700
*(E-Mail: steinbacklaw@gmail.com)*
LAW OFFICE OF RACHEL STEINBACK
P.O. Box 291253
Los Angeles, CA 90029
Tel.: (213) 537-5370
Fax: (213) 232-4003

COMPLAINT