CHAD A. READLER
Acting Assistant Attorney General

NICOLA T. HANNA
United States Attorney
Central District of California

MARCIA BERMAN
Assistant Director, Federal Programs Branch

AMY POWELL
Federal Programs Branch
Civil Division, Department of Justice
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov
*Attorneys for Defendants*

MATTHEW V. TOPIC
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
matt@loevy.com
*Attorney for Plaintiffs*

1 – Joint Rule 26(f) Report
*Leopold v. DOJ*,  No. 17-cv-03747

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEOPOLD and BUZZFEED, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| DEPARTMENT OF JUSTICE, OFFICE OF THE ATTORNEY GENERAL, et al., | ) ) ) ) ) ) |
| Defendants. | ) |

Case No.: 17-cv-3747

**JOINT RULE 26(F) REPORT**

## JOINT RULE 26(F) REPORT

Counsel for the parties, including Plaintiffs Jason Leopold and Buzzfeed Inc,

and Defendants United States Department of Justice ("DOJ") Office of the

Attorney General ("OAG"), DOJ Office of the Deputy Attorney General

("ODAG"), DOJ Office of Legal Counsel ("OLC"), Federal Bureau of

Investigation ("FBI"), DOJ Civil Division, DOJ National Security Division

("NSD"), Central Intelligence Agency ("CIA"), Department of Homeland Security

("DHS"), National Security Agency ("NSA"), and Office of the Director of

National Intelligence ("ODNI"), have conferred as required by the Order dated

April 13, 2018 and hereby submit the following report in accordance with Rule

2 – Joint Rule 26(f) Report

*Leopold v. DOJ,*  No. 17-cv-03747

26(f) and the Standing Order:

1. **Brief Statement of the Case:**

Plaintiffs and Defendants each provide the following statement. Plaintiffs submitted Freedom of Information Act requests to the Defendants for, *inter alia*, documents related to President Trump's use of twitter and his tweets. The relevant agency components are processing this request (or have completed processing). Defendants maintain that the request as submitted is improper and unreasonably vague and burdensome, and Plaintiffs disagree, but the parties have worked cooperatively to reach an agreed scope. Four components have completed processing (CIA, ODNI, DOJ Civil, DOJ OLC); two components will complete processing by the end of June (DOJ NSD and DOJ Office of Information Policy – which processes documents for DOJ leadership offices); and the remaining four components will continue processing documents on a rolling basis based on agreed-upon schedules (FBI, NSA, DHS Headquarters, and DHS Intelligence and Analysis). Defendants maintain that they have satisfied all of their obligations with respect to Plaintiffs' FOIA requests, that Defendants have conducted searches reasonably calculated to uncover all records that are responsive to Plaintiffs' FOIA requests, and that they will reasonably complete production of responsive nonexempt material subject to FOIA. Plaintiffs reserve comment on the adequacy

3 – Joint Rule 26(f) Report
*Leopold v. DOJ,* No. 17-cv-03747

of Defendants' search and any records withheld until the productions are completed.

2.    **Subject Matter Jurisdiction.**  Plaintiffs assert that this Court has subject matter jurisdiction under 5 U.S.C. § 552.

3.    **Key Legal Issues.**  The legal issue is whether the Government has properly withheld information under FOIA, 5 U.S.C. § 552.  The parties anticipate that this could include whether Plaintiffs' FOIA requests constitute reasonable requests, whether Defendants have conducted reasonable searches and whether Defendants have released all responsive, nonexempt material subject to FOIA.

4.    **Damages.**  Not applicable.  Plaintiffs are not seeking damages.

5.    **Additional Parties.**  Not applicable.  The parties do not contemplate joining additional parties at this time.

6.    **Manual for Complex Litigation**.  The parties do not contemplate a need for these procedures.

7.    **Discovery.**  Both the standing order and the April 13, 2018 Order direct counsel for the parties to discuss various aspects of discovery, including a discovery cutoff date, depositions, written discovery, initial disclosures, and expert discovery.  The parties maintain that FOIA cases are most often decided on motions for summary judgment without discovery.  *See Nat'l Wildlife Fed'n v.*

4 – Joint Rule 26(f) Report
*Leopold v. DOJ,*  No. 17-cv-03747

1   *U.S. Forest Service*, 861 F.2d 1114 (9th Cir. 1988); *Lane v. Dep't of Interior*, 523

2   F.3d 1128, 1134 (9th Cir. 2008); *Sakamoto v. EPA*, 443 F.Supp.2d 1182, 1188

3
4   (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper

5   avenue for resolving a FOIA claim.") *Lawyers' Comm. for Civil Rights of San*

6
7   *Francisco Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131–32

8   (N.D. Cal. 2008).  Based on what they currently know, the parties believe that any

9
10  unresolved issues in this matter should be resolved on summary judgment.  There

11  is typically no trial in a FOIA action.  Accordingly, no discovery is contemplated

12
13  at this time and no witness lists have been compiled.  In regard to documents, the

14  parties have access to the relevant correspondence concerning the FOIA requests

15  referenced in the Complaint.

16      **8.  Motions.**

17
18          a.  Motion to Vacate Scheduling Conference.  The parties jointly

19              propose to cancel the conference currently scheduled for June 12,

20
21              2018.  The parties have conferred productively about ongoing

22              processing and will continue to do so while the components

23
24              complete processing.  Not all of the Defendants have an estimated

25              completion date at this time; accordingly, the parties propose that

26
27              they submit a joint status report with a scheduling update and

28  5 – Joint Rule 26(f) Report
    *Leopold v. DOJ,*  No. 17-cv-03747

proposed next steps on or before September 7, 2018.  If the Court denies this motion, counsel for the parties seek leave for the conference to take place telephonically.

b.  Summary Judgment.  After processing of documents is complete, the parties will confer in an attempt to work out any remaining issues.  To the extent disagreements remain, the parties will propose a briefing schedule at that time. Because four components are still working on narrowing the documents to be reviewed for exemptions, the parties propose that they submit a joint status report with a scheduling update and proposed next steps on or before September 7, 2018.

9.      **Pretrial Conference and Trial.**  The parties do not presently anticipate a need for trial, either by judge or jury, on this matter.  Any trial would be a bench trial.  As set forth above, the parties submit that all of the claims in this case may be resolved on summary judgment.  Accordingly, the parties propose that no dates be set for pre-trial conference or trial at this time.

**10.      Attorneys**

a.  Plaintiffs' Attorneys:

- Matthew Topic

6 – Joint Rule 26(f) Report
*Leopold v. DOJ,*  No. 17-cv-03747

b.  Defendants' Attorneys:

Amy Powell

11.  **Magistrate Judge.**  The parties do not consent to proceed before a Magistrate Judge.

12.  **ADR Procedure.** There are no monetary damages in a FOIA action. The Court has jurisdiction to enjoin the agency from improperly withholding agency records and to order the production of any such agency records.  Thus, FOIA matters do not lend themselves to traditional settlement conference procedures.  The parties therefore jointly request that the action be exempted from the settlement requirements of Local Rule 16.  In the event the parties are required to select one of the ADR Procedures specified in Local Rule 16-15.4, the parties request to appear before the Magistrate Judge assigned to the case.  (ADR Procedure No. 1.)

13.  **Settlement Prospects.**  While FOIA matters do not lend themselves to traditional settlements or settlement procedures (see Paragraph 12), the parties have worked diligently to narrow the issues in dispute and will continue to do so in order to conserve the resources of the parties and the Court.

Dated:  June 1, 2018                          Respectfully Submitted,

7 – Joint Rule 26(f) Report
*Leopold v. DOJ,*  No. 17-cv-03747

CHAD A. READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director
Federal Programs Branch

*/s/Amy E. Powell*
AMY E. POWELL
Federal Programs Branch
Civil Division, Department of Justice
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov
*Attorneys for Defendants*


*/s/ Matthew V. Topic*
Matthew V. Topic
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
matt@loevy.com
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

8 – Joint Rule 26(f) Report
*Leopold v. DOJ,*  No. 17-cv-03747